IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

**CHARLES T. LANE**
985 North Grouse Lane
Wisconsin Dells, WI 53965

    Plaintiff,

v.

**MAGELLAN HEALTH, INC.**
4800 North Scottsdale Road, #4400
Scottsdale, AZ 85251

    Defendant.

Case No.: 22-cv-28

**JURY TRIAL DEMANDED**

# COMPLAINT

Plaintiff, Charles T. Lane, through his attorneys, Hawks Quindel, S.C., by Nicholas E. Fairweather and Brook E. Tylka, for his Complaint against Defendant, Magellan Health, Inc., states and alleges as follows:

## NATURE OF ACTION

1. Plaintiff, Charles Lane, brings this action under Title I of the Americans with Disabilities Act of 1990, as amended by the Americans with Disabilities Act Amendments Act of 2008 ("ADA"), Section 504 of the Rehabilitation Act ("Rehabilitation Act"), and the Family and Medical Leave Act ("FMLA"), to correct unlawful employment practices and to provide appropriate relief where he was adversely affected by such practices.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, as this case involves federal questions under the ADA, as amended, 42 U.S.C. §§12117, 2000e, *et seq.*, the Rehabilitation Act, 29 U.S.C. § 791 *et seq.* and the Family and Medical Leave Act, 29 U.S.C. § 2601, *et seq.*

3. Venue is proper in the Western District of Wisconsin under 28 U.S.C. § 1391(b) and 42 U.S.C. §§ 12117(a), 2000e-5(f)(3) because the acts or omissions giving rise to this claim were directed at Plaintiff while he was working and residing in the Western District of Wisconsin.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

4. Plaintiff timely filed a complaint of discrimination on the basis of his disabilities with the Equal Employment Opportunity Commission ("EEOC") on January 20, 2021, within 300 days after the unlawful employment practices occurred as described herein.

5. Prior to filing this Complaint, Plaintiff requested a Notice of Right to Sue from the EEOC. Plaintiff thereafter received a Notice of Right to Sue from the EEOC dated October 20, 2021. This action is brought within ninety (90) days of Plaintiff's receipt of said Notice. A true and correct copy of the Notice of Right to Sue is attached hereto as **Exhibit A.**

## PARTIES

6.      Plaintiff, Charles T. Lane ("Mr. Lane"), is an adult resident of the State of Wisconsin residing at 985 North Grouse Lane, Wisconsin Dells, WI 53965.

7.      Defendant, Magellan Health, Inc. ("Magellan"), is a Delaware healthcare company with its principal offices located at 4800 North Scottsdale Road, #4400, Scottsdale, Arizona 85251. Magellan's registered agent for service of process in Wisconsin is Corporation Service Company, 8040 Excelsior Drive, Suite 400, Madison, Wisconsin 53717. It is a recipient of federal funds.

8.      Defendant is an "employer" engaged in an industry affecting commerce pursuant to 42 U.S.C. §§ 12111(5), (7) for purposes of the ADA.

9.      Defendant is a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## FACTUAL ALLEGATIONS

10.     Mr. Lane began his employment with Defendant in March 2007.

11.     Mr. Lane is disabled as that term is defined by the Americans with Disabilities Amendment Act and the Rehabilitation Act. He suffers from bipolar disorder.

12.     Mr. Lane was most recently employed as the Senior National Director of Community Support.

13.     Mr. Lane has a formal ADA disability accommodation in place with Defendant. This accommodation specifically calls for:

> "Flexible work schedule – 4 day work week;
>
> Flexible access to supervisor and other key business leaders/staff across functional areas to effectively perform job duties;
>
> Development of a personal accommodation plan for complex projects and activities; and
>
>> When traveling by air, avoid early morning and late night departures that would interfere with medication routine."

14. Despite this accommodation, the "flexible access" to leadership did not occur. Mr. Lane's supervisor, Cassie Leavitt ("Ms. Leavitt"), and Matt Miller would brush Mr. Lane off by telling him that they were too busy or unable to speak with him outside of normal business hours.

15. Ms. Leavitt expressed surprise that "flexible" per Mr. Lane's ADA accommodations would mean "outside of 9 AM to 5 PM, Monday through Friday."

16. Likewise, Mr. Lane also met opposition when trying to make accommodation plans for his large, important projects. Ms. Leavitt would again brush him off, ignoring another of the important accommodations Magellan had in place for Mr. Lane.

17. In September of 2020, Mr. Lane and another employee with a disability (specifically, a mental health disability like Mr. Lane's) were tasked with putting together an event called "Hope Rising." This was to be a suicide awareness event.

18. Mr. Lane himself is a survivor of two suicide attempts, and as such, needed to step back from Hope Rising plans when he became triggered by it.

19. Around September 17, 2020, Mr. Lane informed Ms. Leavitt and others about this, but received no support or resources in response.

4

20. Magellan advertises itself as a leader in behavioral health, but its lack of support for Mr. Lane contributed to the downhill turn in his mental health in the fall of 2020.

21. On September 21, 2020, Ms. Leavitt emailed Mr. Lane, whom she knew was considering a leave of absence. She implied that he could not go on even intermittent leave without pre-approval of a Family and Medical Leave Act ("FMLA") request. This email also indicated that Mr. Lane should apply immediately for short-term disability ("STDI") benefits rather than FMLA leave.

22. After receiving this email, Mr. Lane officially requested FMLA leave the same afternoon.

23. On or about September 23, 2020, Mr. Lane began FMLA leave.

24. On January 26, 2021, Kazia Steele, ("Ms. Steele"), Senior HR Resources specialist at Magellan, emailed Mr. Lane and stated that his leave entitlement and job protection under the FMLA was exhausted as of December 14, 2020.

25. Mr. Lane continued to struggle with his personal medical condition throughout the fall and winter of 2020. In late December, Mr. Lane received a call from Magellan informing him that his FMLA leave had expired the prior week. Mr. Lane had not previously been informed of this by either Magellan or its contractor Lincoln, but suddenly found himself without income or job protection. In fact, Mr. Lane had just been told, via email, that he had 288 FMLA hours remaining. This was clearly inaccurate.

26. In January 2021, when Mr. Lane planned to return to work by March 2021 (when he expected his short-term disability benefits to run out), Ms. Steele suggested that Mr. Lane needed to seek "extended FMLA," as a further ADA accommodation, rather than returning to work as Mr. Lane had planned.

27. Ms. Steele's explanation for this was that Mr. Lane's FMLA period, with its job protection, had expired. However, Ms. Steele's suggestion was misleading in that it failed to inform Mr. Lane that any extended "FMLA" leave Magellan offered would not include the important job protections that actual FMLA leave confers.

28. Mr. Lane believed Ms. Steele to be acting in good faith, and submitted an ADA request for additional leave. He received no response to this request, other than being told repeatedly that an ADA review committee was considering the request.

29. Mr. Lane then applied for long-term disability benefits. These benefits have been approved, retroactive to March 23, 2021.

30. On June 24, 2021, Ms. Leavitt informed Mr. Lane that his employment with Magellan was ending, though he would receive a 2020 bonus and his health, dental, and vision insurance would remain in place through June 2021.

## PLAINTIFF'S FIRST CAUSE OF ACTION:
### AMERICANS WITH DISABILITIES ACT, 42 U.S.C. § 12132, et seq.

31. Mr. Lane re-alleges and incorporates herein by reference the above numbered paragraphs.

32. Mr. Lane's bipolar disorder is a disability as defined by § 12102 of the Americans with Disabilities Act of 1990 and the Americans with Disabilities Act, Amendments Act of 2008.

33. Mr. Lane was qualified to perform the essential functions of his job with reasonable accommodations.

34. Mr. Lane had a formal accommodation in place calling for, among other things, a flexible work schedule and flexible access to supervisors.

35. Defendant however, failed to honor this accommodation in violation of the ADA. *See* 29 CFR § 1630.2(o)(4).

36. Defendant then proceeded to terminate Mr. Lane's employment because of his disability, in violation of the ADA.

## PLAINTIFF'S SECOND CAUSE OF ACTION:
### VIOLATION OF THE REHABILITATION ACT OF 1973, 29 U.S.C. § 791, *et seq.*

37. Mr. Lane re-alleges and incorporates herein by reference the above numbered paragraphs.

38. Mr. Lane's bipolar disorder is a disability as defined by the Rehabilitation Act, 29 U.S.C. §705(9).

39. The Rehabilitation Act, 29 U.S.C. § 794, prohibits institutions that receive federal financial assistance from engaging in employment discrimination against individuals with disabilities.

40. Defendant receives federal financial assistance.

41. Mr. Lane was qualified to perform the essential functions of his job with accommodations.

42. Defendant failed to provide reasonable accommodations for Mr. Lane's disability, in violation of the Rehabilitation Act.

43. Defendant terminated Mr. Lane's employment because of his disability.

### PLAINTIFF'S THIRD CAUSE OF ACTION:
### FMLA INTERFERENCE, 29 U.S.C. § 2615(a)(1).

44. Mr. Lane re-alleges and incorporates herein by reference the above numbered paragraphs.

45. Mr. Lane was eligible to receive approved medical leave under the FMLA and Defendant was a covered employer for these same purposes.

46. Defendant and its contractor provided Mr. Lane with FMLA leave for his serious health condition that also required ADA accommodations.

47. Then, Defendant's personnel contacted Mr. Lane during his FMLA leave, using a junior employee to deliver a message about a change in Mr. Lane's schedule/plans.

48. Defendant and its contractor also failed to communicate with Mr. Lane about the length of his FMLA leave before one week after that leave had elapsed.

49. These actions constitute interference with Mr. Lane's rights under the FMLA.

## RELIEF REQUESTED

**WHEREFORE,** Plaintiff demands judgment against Defendant ordering:

A. Damages equal to the amount of wages, salary, employment benefits, and other compensation denied or lost to Mr. Lane as a result of Defendant's discriminatory conduct, together with interest thereon;

B. Compensatory damages for past and future losses resulting from the unlawful employment practices, including emotional pain and suffering;

C. Mr. Lane's costs in this action, including his reasonable attorney's fees, litigation expenses, and costs; and

D. Such other legal and equitable relief as this Court deems just and proper, including reinstatement to the position in which Mr. Lane would now be employed but for the unlawful termination.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury.

Dated this 18th day of January, 2022.

>**HAWKS QUINDEL, S.C.**
>*Attorneys for Plaintiff, Charles T. Lane*
>
>
>By: */s/ Nicholas E. Fairweather*
>Nicholas E. Fairweather, State Bar No.: 1036681
>Email: nfairweather@hq-law.com
>Brook E. Tylka, State Bar No.: 1126886
>Email: btylka@hq-law.com
>409 East Main Street
>Post Office Box 2155
>Madison, Wisconsin 53701-2155
>Telephone: (608) 257-0040
>Facsimile: (608) 256-0236